UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HARRISON FRANKLIN,

    Petitioner,

v.                                     Case No. 2-C-278

GARY R. MCCAUGHTRY,

    Respondent.

**ORDER DENYING PETITION FOR MANDAMUS**

Harrison Franklin filed a "writ of mandamus" in this closed habeas case on November 9, 2011. For the reasons that follow, Franklin's filing, which the Court construes as a successive petition under 28 U.S.C. § 2254, will be denied.

In February 1996, Franklin was convicted of first-degree recklessly endangering safety, armed robbery and bail jumping as a habitual offender. On March 19, 2002, Franklin filed a habeas petition in this court pursuant to 28 U.S.C. § 2254 asserting several claims, including judicial bias on the part of the state trial judge. This Court originally denied the petition in a decision entered on December 12, 2002. Franklin appealed, and the United States Court of Appeals for the Seventh Circuit reversed, concluding that the state courts had made an unreasonable determination of the facts in finding that the state trial judge was not biased. *Franklin v. McCaughtry*, 398 F.3d 955 (7th Cir. 2005). The Seventh Circuit thereupon remanded the case to this Court with instructions "to grant Franklin's petition for habeas corpus unless the state institutes proceedings to re-try him within 60 days." *Id.* at 962.

The Seventh Circuit mandate was issued on March 21, 2005, and on March 23, 2005, this Court entered an order granting Franklin's petition and directing that he be released from custody unless within 60 days the state institutes proceedings to retry him. ECF Dkt. 43. The state retried Franklin apparently with the same result. According to the § 2254 petition he filed On July 7, 2009, a new judgment of conviction was entered on July 15, 2005. That judgment was substantially affirmed by the Wisconsin Court of Appeals in an unpublished decision issued March 19, 2008. *State v. Franklin*, No. 2006AP3002-CR, 2008 WI App. 64, 2008 WL 724649. The Wisconsin Supreme Court denied review.

In his July 7, 2009 petition challenging his second conviction, Franklin claimed, as he did in his state court appeal, that the state authorities had violated his constitutional rights by failing to retry him within 60 days of this Court's order granting his earlier petition. Franklin's first appearance in the Kenosha County Circuit Court following the Seventh Circuit's decision was March 17, 2005. Although the trial court intended to commence the trial within sixty days of the appellate decision, Franklin's newly appointed counsel indicated that he could not be prepared for trial by April 24, 2005. Franklin's jury trial commenced June 6, 2005. *State v. Franklin*, 2008 WI App. 64 at ¶ 3. The Wisconsin Court of Appeals had rejected Franklin's claim that the State's failure to retry him within 60 days violated his speedy trial right as a "nonstarter." The Court of Appeals explained:

> The federal court merely required the State to institute proceedings to re-try Franklin within sixty days. Institute means to start, not complete. The federal court said "proceedings" not trial. If the federal appellate court wanted the trial to be commenced within sixty days, it would have plainly stated so. Further, Franklin did not demand an earlier trial and acknowledged that his counsel could not prepare for an earlier trial. The institution of the proceeding to re-try Franklin satisfied the

federal appellate court's direction and Franklin was not entitled to dismissal of the prosecution.

*Id.* at ¶ 4.

As alluded to above, Franklin filed a § 2254 petition challenging the conviction that resulted from his retrial on July 7, 2009. That case was assigned to Magistrate Judge Patricia Gorence, who dismissed the petition in an order entered on December 18, 2009. A certificate of appealability was denied both by Magistrate Judge Gorence and the Seventh Circuit. Franklin thereafter filed the "mandamus" petition currently before this court. Although Franklin filed his petition as one for mandamus, he seeks release from custody and thus essentially the remedy he is seeking is more properly understood as habeas corpus. Franklin's new petition for habeas relief, pursuant to 28 U.S.C. § 2254, is denied on several grounds, set out in more detail below.

To begin with, this case is closed. Assuming Franklin has grounds on which to seek mandamus, he must commence a new action against the proper party or parties, pay the filing fee or seek leave to file as an indigent prisoner under 28 U.S.C. § 1915. He may not avoid these requirements by simply filing a new pleading in an old case.

More importantly, however, this is Franklin's second or successive petition for habeas corpus relief from the same conviction pursuant to 28 U.S.C. § 2254. Although he has captioned his pleading a writ of mandamus, he seeks release from the confinement resulting from his state court conviction. The law governing petitions for habeas corpus therefore controls. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir.2004) ("Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed sentence, and substantively within the scope of § 2255, is a motion under § 2255, no matter what title the prisoner plasters on

3

the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get–Out–of–Jail Card; the name makes no difference. It is substance that controls." (citations omitted)). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), successive § 2254 petitions shall be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). Under that provision, a successive application is permissible only if it rests on a new rule of constitutional law, previously unavailable facts, or facts that would be sufficient to show constitutional error in the petitioner's conviction. 28 U.S.C. § 2244(b)(2). Even if a petitioner can demonstrate he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court. 28 U.S.C. § 2244(b)(3). Franklin does not argue any of these exceptions, nor has he sought authorization from the court of appeals. Accordingly, this court does not have jurisdiction over Franklin's second or successive petition.

Secondly, as highlighted in Judge Gorence's opinion, Franklin's petition fails to allege the violation of a constitutional right. A petitioner may only be granted habeas relief if adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Franklin's claim does not involve an unreasonable determination of the facts; instead he tries to frame it as a violation of clearly established federal law. But contrary to Franklin's allegations, the 2005 order did not give Franklin a constitutional right to be retried in 60 days. Instead, it gave instructions to the state that

4

it should grant Franklin's original habeas petition or re-institute proceedings against him within 60 days. This claim is thus not based in the language of the Sixth and Fourteenth Amendments but rather the language of the actual order itself. *See Franklin v. McCaughtry*, 398 F.3d 955 (7th Cir. 2005). As such, his claim cannot properly seek relief in the form of habeas.

Finally, even assuming arguendo that Franklin had properly made a constitutional claim, he would lose on the merits, as the proceedings *were* instituted within 60 days. The order did not say he had to have been actually retried within 60 days; merely that the state had to institute the proceedings to do so. As it did so, Franklin's claims, even taken at their word, would fail on their own merits.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may "only issue if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the

5

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Franklin's petition fails on multiple grounds, and consequently I cannot say reasonable jurists would find it debatable. The certificate of appealability is consequently **DENIED**.

Dated this   12th   day of January, 2012.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge